UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

Eastern District of Kentucky
FILED

OCT 19 2023

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

V.  INDICTMENT NO. 23-16-GFVT-EBA
18 U.S.C. § 641

**JEREMY WAYNE HARRELL**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### BACKGROUND

1. At all relevant times, the United States Department of Veterans Affairs (VA) provided medical benefits and monetary compensation to veterans of the United States who incurred an injury while in service with the United States Armed Services. The VA assigned a disability rating for each awarded service-connected condition based on level and severity.

2. At all relevant times, Individual Unemployability (IU) benefits were one part of the VA's disability compensation scheme. To be eligible for IU benefits, a veteran must, among other things, be unable to maintain substantial gainful employment because of his service-connected disabilities. If a veteran voluntarily chose not to work at substantial gainful levels or chose to work at substantial gainful levels but not receive payment for his work, the veteran would not be entitled to IU benefits.

3. On or about February 6, 2019, the VA sent letters notifying IU recipients that the VA would no longer send an annual Employment Questionnaire (VA Form 21-4140) for IU recipients to complete. Instead, the VA informed IU recipients that they have a duty to "notify [the] VA *immediately* if there is a change in any condition affecting" their right to continued IU benefits. The Defendant, **JEREMY WAYNE HARRELL**, received such a letter dated February 6, 2019.

4. **HARRELL** served in the United States Army from on or about February 2, 2003, through on or about April 29, 2004, with additional time in the United States Army Reserve.

5. On or about April 22, 2011, **HARRELL** was awarded IU benefits with a retroactive effective date of on or about December 23, 2010. **HARRELL's** IU benefit application signed on January 10, 2011, obligated him to "IMMEDIATELY INFORM [THE] VA IF [HE] RETURN[ED] TO WORK."

6. At all relevant times, **HARRELL** resided and received IU benefits in Shelby County, in the Eastern District of Kentucky.

7. On or about January 28, 2019, **HARRELL** founded Veterans Club, Inc. (VC), a nonprofit that provides services to and is dedicated to helping veterans through connection, healing, recovery, housing assistance, and vocational training. Since late January 2019, and continuing through the date of this Indictment, **HARRELL** has served as Chief Executive Officer (CEO) and Founder of VC in a volunteer capacity (i.e., without receiving a salary or monetary compensation for his work).

8. Since late January 2019, and continuing through the date of this Indictment, **HARRELL** has been personally and actively involved in operating VC, at times working in excess of 40 hours per week. The work activity **HARRELL** has engaged in as CEO and Founder of VC includes, for example, being featured on news stories; giving media interviews; attending and speaking at community events; meeting with political, community, and business leaders; presenting to veterans' organizations; receiving awards; teaching classes; accepting donations; and being a guest on podcasts. **HARRELL** likewise is involved in the day-to-day operation of VC and its various pursuits, engaging in other similar conduct, as the tasks of running and operating VC necessitate.

9. Since late January 2019, and continuing through the date of this Indictment, **HARRELL's** conduct as CEO and Founder of VC has been work activity demonstrating that **HARRELL** was at all relevant times capable of maintaining substantial gainful employment, rendering him ineligible to receive the IU benefits he received during this period.

10. Despite being informed of his duty to immediately notify the VA of his return to work in January 2011 and any change in condition affecting his right to IU benefits in February 2019, **HARRELL** has never, through the date of this Indictment, reported his true work activity on behalf of VC to the VA.

11. On or about September 14, 2022, during a VA Compensation and Pension (C&P) Evaluation, **HARRELL** made false statements about his true work activity on behalf on VC. For example, **HARRELL** stated that he merely does "some things" with

VC. When asked how frequently he participated in veterans' activities, **HARRELL** responded, "It is not a regular thing, just occasionally." When asked how many times he volunteered in the past thirty days, **HARRELL** reported that he volunteered once. At the time **HARRELL** made these misrepresentations in the C&P Evaluation, he well knew that he had engaged in multiple VC-related activities in at least the preceding thirty days.

12. On other occasions within the relevant time period, **HARRELL** took affirmative steps to conceal his true work activity by making statements within IU-related documents and interviews that were not consistent with his work activities and public appearances on behalf of VC. For example, **HARRELL** made claims that symptoms of severe post-traumatic stress disorder restricted his public activities and limited his socializing abilities, which caused him to be a "loner," self-isolated, and "withdrawn," avoid large crowds, and feel "more comfortable" staying in his home. At no point did **HARRELL** disclose that he was giving interviews on various media platforms, speaking publicly at events, and meeting with political, community, and business leaders on behalf of VC.

13. At all relevant times since late January 2019, **HARRELL** was capable of maintaining substantial gainful employment. Accordingly, since late January 2019, and continuing through the date of this Indictment, **HARRELL** has been ineligible for IU benefits and has fraudulently received IU benefits totaling over $100,000 during the relevant period.

## COUNT 1
## 18 U.S.C. § 641

14. The allegations contained in Paragraphs 1 through 13 of this Indictment are restated and incorporated herein by reference.

15. From on or about February 6, 2019, and continuing through the date of this Indictment, in Shelby County, in the Eastern District of Kentucky, and elsewhere,

**JEREMY WAYNE HARRELL**

knowingly and intentionally embezzled, stole, purloined, and converted to his use or the use of another money and things of value of the United States or of any department or agency thereof, in an amount exceeding $1,000.00, to wit, Veterans Affairs Individual Unemployability disability payments to which he was not entitled, all in violation of 18 U.S.C. § 641.

## FORFEITURE ALLEGATIONS
## 18 U.S.C. § 981(a)(1)(C)
## 28 U.S.C. § 2461(c)

16. By virtue of the commission of the offense alleged in this Indictment, **JEREMY WAYNE HARRELL** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violation of 18 U.S.C. § 641. Any and all interest that **JEREMY WAYNE HARRELL** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

17. The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT:**
A forfeiture money judgment in the amount of proceeds that the Defendant obtained as a result of the violation.

18. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

███████████████████
**FOREPERSON**

_____
**CARLTON S. SHIER IV**
**UNITED STATES ATTORNEY**

## PENALTIES

Imprisonment for not more than 10 years, fine of not more than $250,000, and supervised release for not more than 3 years.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Restitution.

**PLUS:** Forfeiture.